**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE TRUSTEES OF THE LOCAL 807 LABOR-MANAGEMENT PENSION FUND, THE TRUSTEES OF THE LOCAL 807 LABOR-MANAGEMENT HEALTH FUND, THE TRUSTEES OF THE LOCAL 807 PROFIT SHARING PLAN, THE LOCAL 807 LABOR-MANAGEMENT PENSION FUND, THE LOCAL 807 LABOR-MANAGEMENT HEALTH FUND, and THE LOCAL 807 PROFIT SHARING PLAN,

        Plaintiffs,

 - against -

SHOWTIME ON THE PIERS, LLC,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF

**COMPLAINT**

21-CV-

  Plaintiffs, the Local 807 Labor-Management Pension Fund, the Local 807 Labor-Management Health Fund, the Local 807 Profit Sharing Plan and the Trustees thereof (collectively, "the Funds"), by their attorneys, Cary Kane LLP, respectfully allege as follows:

## NATURE OF THE ACTION

1. This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to compel defendant Showtime on the Piers, LLC ( "Defendant") to cooperate with an audit of its records in order to ensure that Defendant has properly contributed to the Funds (the "Audit").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

3. Venue properly lies in this judicial district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Funds are administered in this district.

## THE PARTIES

4.     At all times material hereto, the Funds were and are "employee benefit plans" and "multiemployer plans" as those terms are defined by Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).  The Funds are administered at the Funds' office, which is located at 32-43 49th Street, Long Island City, New York in the county of Queens.

5.     At all times material hereto, the Plaintiff Trustees were and are the "plan sponsors" of the Funds, as defined by Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).  The Trustees are also "fiduciaries" of the Funds, as defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.     At all times material hereto, Defendant was and is a business entity. Defendant is a not a person and, thus, cannot be incompetent or in military service. Upon information and belief, Defendant's last known address was  711 12th Avenue, New York, New York.

## RELEVANT FACTS

7.     At all relevant times, Defendant was bound by a collective bargaining agreements ("CBA") executed with Local 807 of the International Brotherhood of Teamsters (the "Union"), which covered the terms and conditions of employment for those of Defendant's employees who were represented by the Union.

8.     The CBA required Defendant to contribute to the Funds for all employee covered by the CBA in amounts specified in the CBA.

9.      The CBA provided for audits of the Defendant's records, the purpose of which was to ensure that Defendant properly paid all contributions owed to the Funds.

**10.**     The CBA recognized the Funds' Trustees rights to establish the rules and regulations of the Funds.

11.     The Funds' rules and regulations are contained, inter alia, in their Agreements and Declarations of Trust ("Trust Agreements").

12.     The Trust Agreements provides for the Funds to audit or engage an auditor to audit the records of participating employers, including Defendant, to ensure that the employers have properly contributed to the Funds.

13.     By letter dated October 15, 2020, the Funds' controller notified Defendant of  an audit of Defendant's records for the period October 1, 2018 through September 30, 2020 (the "Audit") and asked the certain specified documents be provided to the Funds' auditor.

14. The Fund's auditor attempted unsuccessfully to contact Defendant several times between October 2020 and January 2021 to schedule the Audit.

15. In January and February 2021, the Funds' manager and Funds' counsel spoke with Defendant's owner about scheduling the Audit.

16. Defendant refused to schedule the Audit.

17. Defendant's owner asserted, without providing any proof, that he could not provide any documents for the Audit.

18. As of this date, Defendant has not provided the documents required by the Funds' auditor to perform the Audit, as required under the CBA and the Funds' Trust Agreements.

19. The Fund has been forced to incur fees and expenses to compel Defendant to comply with its obligations related to the Audit.

20. Section 515 of ERISA, 29 U.S.C. §1145, requires every employer that is obligated to make contributions to a multiemployer employee benefit plan under the terms of a CBA to make such contributions in accordance with the terms and conditions of such agreement.

21. Defendant is liable for unpaid contributions found to be due and owing as a result of the Audit sought herein.

22. In accordance with Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), a judgment in favor of a plan under Section 515 of ERISA shall include (1) unpaid contributions, (2) interest on the unpaid contributions, (3) an amount equal to the greater of (i) the interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of 20%, and (4) reasonable attorneys' fees and costs.

23. Pursuant to the Trust Agreements, interest on any unpaid contributions identified during the Audit shall accrue at a rate of 18% per annum.

24. Pursuant to the Trust Agreements, Defendant is liable to the Funds for liquidated damages in an amount equal to 20% of all unpaid contributions identified during the Audit.

25. Pursuant to the Trust Agreements, Defendant will be liable to the Funds for the auditor's fees and expenses if Defendant is found to owe the Funds $1,000 or more in unpaid contributions.

26. Accordingly, pursuant to Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, the CBA and the Trust Agreements, Defendant is liable to the Funds for all unpaid contributions identified during the Audit, interest at a rate of 18%

4811-7657-2551, v. 1

per annum accrued thereon, liquidated damages, audit fees if applicable, reasonable attorneys' fees and the costs and disbursements of this action.

  WHEREFORE, the Funds respectfully request that this Court enter a judgment:

(a) Ordering Defendant to produce all documents required by the Funds' auditor for the Audit within 30 days;

(b) Ordering Defendant to cooperate with the Fund's auditor and provide such other information, documents and assistance as the auditor may require in the course of the Audit;

(c) Ordering Defendant to remit any unpaid contributions identified during the Audit, together with interest thereon at the rate of 18% per annum and liquidated damages in the amount equal to 20% of the contributions owed to the Funds;

(d) Ordering Defendant to pay the cost of the Audit if Defendant is found to owe the Fund $1,000 or more in unpaid contributions;

(e) Ordering Defendant to pay the reasonable legal costs and attorneys' fees incurred by the Funds in this action;

(f) Granting such other and further relief as the Court may deem just and proper; and

(g) Retaining jurisdiction of this case pending compliance with the Court's orders.

DATED: June 30, 2021
     New York, New York

            CARY KANE LLP

            _____/s/_____

            By: Susan Bruno
            1350 Broadway, Suite 2220
            New York, New York 10018
            *Attorneys for Plaintiffs*