UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THE TRUSTEES OF THE LOCAL 807 LABOR- :
MANAGEMENT PENSION FUND, THE :
TRUSTEES OF THE LOCAL 807 LABOR- :
MANAGEMENT HEALTH FUND, THE :
TRUSTEES OF THE LOCAL 807 PROFIT :
SHARING PLAN, THE LOCAL 807 LABOR- :
MANAGEMENT PENSION FUND, THE LOCAL :
807 LABOR-MANAGEMENT HEALTH FUND, :
and THE LOCAL 807 PROFIT SHARING PLAN, :
:
               Plaintiffs, :
:
       -against- :
:
SHOWTIME ON THE PIERS, LLC, :
:
              Defendant. :
:
-----------------------------------------------------------------x

                       REPORT AND
                       RECOMMENDATION

                       No. 21-CV-3677-PKC-JRC

JAMES R. CHO, United States Magistrate Judge:

      Plaintiffs, the Trustees of the Local 807 Labor-Management Pension Fund, the Trustees

of the Local 807 Labor-Management Health Fund, the Trustees of the Local 807 Profit Sharing

Plan, the Local 807 Labor-Management Pension Fund ("Pension Fund"), the Local 807 Labor-

Management Health Fund ("Health Fund"), and the Local 807 Profit Sharing Plan ("PS Fund")

(collectively, the "Funds" or "plaintiffs"), bring this action pursuant to the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145. *See* Compl. ¶ 1 (Dkt.

1). Plaintiffs seek an ordering compelling defendant Showtime on the Piers, LLC ("defendant")

to produce documents to the Funds' auditor and to otherwise cooperate with an audit performed

by the Funds' auditor. Plaintiffs further seek to recover delinquent employer contributions as

identified through the audit, as well as accrued interest, liquidated damages, audit costs, and

attorneys' fees and costs. *Id*. at Wherefore Clause. Upon plaintiffs' application and in light of

defendant's failure to appear in or otherwise defend this action, the Clerk of the Court entered

defendant's default on August 4, 2021.  Dkt. 7.  Plaintiffs now move for default judgment against

defendant.  *See generally* Mot. for Default J. (Dkt. 15); Mem. of Law in Supp. of Pls.' Mot. for

Default J. ("Pls.' Mem.") (Dkt. 16).

Currently pending before this Court, on a referral from the Honorable Pamela K. Chen, is

plaintiffs' motion for default judgment.  *See* Order Referring Motion (July 5, 2022).  For the

reasons set forth below, this Court respectfully recommends granting in part plaintiffs' motion

for default judgment as set forth below.

## I.    Relevant Factual and Procedural Background

The following facts are drawn from plaintiffs' Complaint and supporting declarations, *see*

Dkts. 1, 15-20, and are accepted as true for purposes of this motion.

The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29

U.S.C. § 1002(3).  *See* Affidavit of Teresa Casanova ("Casanova Aff.") (Dkt. 20) at ¶ 3.  The

Funds were established pursuant to the terms of various collective bargaining agreements

between Local 807 of the International Brotherhood of Teamsters (the "Union"), which is a labor

organization representing employees in an industry affecting commerce, and various employers

who are required to make contributions to the Funds on behalf of their employees covered by the

collective bargaining agreements.  *Id*.  The Funds are maintained for the purposes of collecting

and receiving contributions and providing various retirement, health and welfare, and other

benefits to covered employees, retirees, and their dependents pursuant to and in accordance with

the trust agreements for the Health Fund, Pension Fund, and the PS Fund (collectively, the "Trust

Agreements").  *See* Casanova Aff. (Dkt. 20) at ¶ 4; Dkts. 20-1, 20-2, 20-3 (Trust Agreements).

At all relevant times, defendant was a signatory to a series of collective bargaining

agreements ("CBAs") with Local 807 of the Union, covering a period from October 1, 2014 to September 30, 2020. *See* Casanova Aff. at ¶ 5; CBAs (Dkt. 20-4). The CBAs required defendant to make monthly contributions to the Funds. *See* Casanova Aff. at ¶ 6. The CBAs stated that the Funds' trustees would set forth the rules governing the Funds. *See* Casanova Aff. at ¶ 7; CBA (Dkt. 20-4 at ECF page 9) at Sec. 10(D)(d).[1]

The Trust Agreements, which govern the Funds, permit the trustees to "examine and audit the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees." Casanova Aff. at ¶ 8 (citing Ex. 1, Art. IV, Sec. 4; Ex. 2, Art. IV, Sec. 3; Ex. 3, Art. VI, Sec. 3) (Dkts. 20-1, 20-2, 20-3). The Trust Agreements require employers to pay all fees and expenses incurred by the Funds' auditors if the amount of unpaid contributions found by the auditors equals or exceeds $1,000. *See* Casanova Aff. at ¶ 9. The Trust Agreements also provide that, where a contributing employer fails to submit to a requested payroll audit, the Funds may commence proceedings at law or equity to enforce an Employer's obligation to cooperate with the audit. *See* Casanova Aff. at ¶ 10.

The Trust Agreements also provide that, in any court judgment in favor of the Fund, the employer shall be required to pay (i) any unpaid or late contributions, (ii) interest at 18 percent per annum on amounts due from the dates due to the date of judgment, (iii) liquidated damages in an amount equal to 20 percent of the unpaid or late contributions, (iv) costs, including auditors' fees, and (v) reasonable attorneys' fees. *See* Casanova Aff. at ¶ 11 (citing Ex. 1, Art. IV, Sec. 3(e); Ex. 2, Art. IV, Sec. 2(e); Ex. 3, Art. IV, Sec. 2(b)).

---

[1] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

By a letter dated October 15, 2020, the Funds notified defendant that a payroll audit would be performed for the period October 1, 2018 through September 30, 2020 ("Audit Period") and asked that certain documents be provided to the Funds' auditor. *See* Casanova Aff. at ¶ 12 (citing audit letter dated October 15, 2020 (Dkt. 20-5)). The Funds administrator Teresa Casanova, the Funds' counsel, and the Funds' auditor each attempted to schedule an audit with defendant, but Chuck Newman, defendant's owner and principal, allegedly refused to schedule the audit or produce documents. *See* Casanova Aff. at ¶¶ 13-14. To date, defendant has not provided any documents or information requested for the audit. *See* Casanova Aff. at ¶ 15.

On June 30, 2021, plaintiffs commenced this action to compel defendant to cooperate with and produce documents for an audit. *See* Compl. ¶ 1. Plaintiffs also requested that the Court order defendant -- after completion of an audit -- to pay any delinquent contributions found to be due and owing to the Funds, as well as interest, liquidated damages, and attorneys' fees and costs.

On July 6, 2021, defendant was served with the summons and complaint. Dkt. 5. Defendant has failed to answer the Complaint or otherwise appear in this case, and on August 4, 2021, the Clerk of the Court entered a Certificate of Default. Dkt. 7.

On June 27, 2022, plaintiffs moved for a default judgment. Dkt. 15. Plaintiffs request the following: (1) an order compelling defendant to produce books, records, documents and other information for the Audit Period (*i.e.*, October 1, 2018 through September 30, 2020) to allow the Funds' auditor to conduct an audit; (2) payment by defendant of any unpaid contributions identified during the audit with interest on delinquent contributions at a rate of 18 percent per annum and liquidated damages in the amount equal to 20 percent of the contributions owed to the Funds; (3) payment by defendant of audit costs if defendant is found to owe the

4

Funds $1,000 or more in unpaid contributions; and (4) attorneys' fees and costs of $15,910.00.

*See* [proposed] Default Judgment (Dkt. 18-6).

## II.   Discussion

### A.   Liability

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," a plaintiff may apply to the court for a default judgment.  *See* Fed. R. Civ. P. 55(a), (b)(2).  When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor."  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations omitted); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("prior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations omitted).

### B.   ERISA

Section 209 of ERISA requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. § 1059(a)(1).  These records must be "available for examination for a period of not less than six years . . . ." 29 U.S.C. § 1027.

Section 515 of ERISA further states, as follows:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  "ERISA vests the Court with jurisdiction over civil actions brought by

fiduciaries of employee benefit plans to enforce provisions of such plans."  *Trs. of the Local 7*

*Tile Indus. Welfare Fund v. City Tile, Inc.*, No. 10CV322 (SJ)(ALC), 2011 WL 917600, at *1

(E.D.N.Y. Feb. 18, 2011), *report and recommendation adopted*, 2011 WL 864331 (E.D.N.Y.

Mar. 10, 2011).

Consistent with Section 209 of ERISA, here, the applicable Trust Agreements permit the

trustees to "examine and audit the pertinent employment and payroll records of each Employer at

the Employer's place of business whenever such an examination is deemed necessary or

advisable by the Trustees in connection with the proper administration of the Fund."  Trust

Agreements (Dkt. 20-1 at Art. IV, Sec. 4; Dkt. 20-2 at Art. IV, Sec. 3; Dkt. 20-3 at Art. VI, Sec.

3).  The Trust Agreements govern the Funds.  *See* Casanova Aff. at ¶¶ 7, 8.

Plaintiffs allege that defendant is an "employer," and that the Funds are "employee

benefit plans" and "multiemployer plans" under the ERISA.  Compl. ¶ 4.  Plaintiffs further allege

that defendant was obligated to make contributions to plaintiffs pursuant to the CBAs and to

provide relevant documents and information pursuant to an audit.  *See id.* ¶¶ 8, 9, 12.  Defendant,

however, failed to schedule an audit or provide information and documents necessary to

complete a required audit.  Compl. ¶¶ 14-18.

As set forth in the Complaint and accompanying motion for default judgment, this Court

finds that defendant has failed to comply with its contractual obligations and with the statutory

requirements of ERISA.  It is undisputed that defendant is in default.  Defendant failed to file an

answer to the Complaint and failed to otherwise oppose plaintiffs' motion for default judgment.

*See Windward Bora, LLC v. Chazon*, No. 19-CV-3912, 2020 WL 1034362, at *3 (E.D.N.Y. Jan.

8, 2020) (defendant's "default is crystal clear -- it does not even oppose this motion") (citation

omitted), *report and recommendation adopted*, 2020 WL 1031532 (E.D.N.Y. Mar. 3, 2020).

Further, the defendant company has failed to retain counsel.  A failure to obtain counsel

constitutes a failure to defend because corporations cannot proceed in federal court *pro se.  See*

*Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) ("corporation cannot appear

other than by its attorney") (citing *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426,

427 (2d Cir. 1967) (*per curiam*)).

Despite plaintiffs' letter requesting an audit and follow up attempts by the Funds' auditor,

counsel and Casanova to schedule an audit, defendant has not cooperated with plaintiffs.

Further, notwithstanding service of the Complaint and the motion for default judgment,

defendant has not appeared in this action, nor disputed plaintiffs' allegations.  The Complaint

sets forth facts establishing a claim that the defendant violated Sections 209 and 515 of ERISA,

as well as various provisions of the applicable CBAs and Trust Agreements.  These factual

allegations are sufficient to establish defendant's liability under ERISA for failure to comply

with the audit requirements.  Accordingly, this Court respectfully recommends granting default

judgment against defendant.

## C.    Remedies

### 1.    Damages

While the allegations of a complaint concerning liability are deemed admitted upon entry

of default, allegations relating to damages are not.  *See Cement & Concrete Workers Dist.*

*Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v.*

*Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound*

*Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  Rather, a court must

ensure that there is an evidentiary basis for the damages sought by a plaintiff before entering

judgment in the amount demanded.  *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40

(2d Cir. 1989).  A court may make this determination based upon evidence presented at a hearing

or upon a review of detailed affidavits and documentary evidence.  *See* Fed. R. Civ. P. 55(b)(2);

*Joe Hand Promotions, Inc. v. Levin*, No. 18-CV-9389, 2019 WL 3050852, at *3 (S.D.N.Y. July

12, 2019) (holding that a hearing is "not necessary as long as [the Court] ensure[s] that there was

a basis for the damages specified in the default judgment" (alterations in original) (internal

quotations omitted)); *Fustok*, 873 F.2d at 40 (noting that a court may rely on detailed affidavits

and documentary evidence as the basis for determining damages to be awarded in a default

judgment).

### 2.    Order Compelling Defendant To Comply with an Audit

Plaintiffs seek an order requiring defendant to comply with the CBA and Trust

Agreement and with ERISA by submitting to an audit of the relevant books and records.  Compl.

at Wherefore Clause ("Ordering Defendant to produce all documents . . . . Ordering Defendant to

cooperate with the Fund's auditor . . . .").

In support of their motion, plaintiffs have submitted the affidavit of Teresa Casanova,

Fund Manager of Local 807 Labor-Management Pension and Health Funds, and the Local 807

Profit Sharing Fund.  *See* Casanova Aff. (Dkt. 20) at ¶ 1.  This affidavit details defendant's

failure to comply with audit requests to assess delinquent contributions.  Further, plaintiffs have

provided copies of the applicable Trust Agreements, Collective Bargaining Agreements, and

Audit Letter.  *See* Health Trust Agreement (Dkt. 20-1); Pension Trust Agreement (Dkt. 20-2);

Profit Sharing Trust Agreement (Dkt. 20-3); CBAs (Dkt. 20-4); Audit Letter (Dkt. 20-5).

Defendant has not submitted any opposition.

Plaintiffs seek an order requiring defendant to comply with the CBA and Trust

Agreements and with ERISA by submitting to an audit of the relevant books and records.

Injunctive relief is appropriate under Section 1132(g)(2)(E) of ERISA, which states that in a

successful action to enforce the requirements of ERISA, an ERISA plan may recover "such other

legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E); *see also*

*Beck v. Levering*, 947 F.2d 639, 641 (2d Cir. 1991) (*per curiam*); *Lanzafame v. L & M Larjo Co.,*

*Inc.*, No. 03 CV 3640, 2006 WL 2795348, at *9 (E.D.N.Y. Sept. 26, 2006) (citing cases); *King v.*

*Nelco Indus., Inc.*, No. 96 CV 4177, 1996 WL 629564, at *1 (E.D.N.Y. Oct. 23, 1996).

Here, where defendant is in default and where the applicable statute provides for

injunctive relief as a possible remedy, the Court may issue an injunction provided that plaintiffs

meet the requirements for obtaining an injunction, which include a showing of "irreparable harm

should the injunction not be granted." *King*, 1996 WL 629564, at *1 (quoting *Haitian Centers*

*Council, Inc. v. McNary*, 969 F.2d 1326, 1338 (2d Cir. 1992), *vacated as moot*, 509 U.S. 918

(1993)); *see also LaBarbera v. David Liepper & Sons, Inc.*, No. 06-CV-1371, 2006 WL

2423420, at *6 (E.D.N.Y. Jul. 06, 2006). Plaintiffs also must demonstrate the absence of an

adequate remedy at law. *See LaBarbera*, 2006 WL 2423420, at *6.

Here, where defendant has defaulted and has further refused to submit to the requested

audit, plaintiffs have provided the Court with sufficient evidence "that defendant intends to

frustrate any judgment . . . or show 'contempt for the judicial process'" to satisfy the

requirements for entry of an injunction. *King*, 1996 WL 629564, at *1 (internal citations

omitted); s*ee* Declaration of Leo Gertner in Support of Pls.' Mot. for Default J. ("Gertner Decl.")

(Dkt. 18) at ¶ 20 ("Plaintiffs will suffer irreparable harm if the Court does not grant the requested

injunctive relief."). This Court respectfully recommends granting plaintiffs' motion for an order

requiring defendant to submit to an audit. Further, this Court respectfully recommends

compelling defendant to comply with the requirements of an audit within 30 days from the date

of an Order adopting this Report and Recommendation.  As discussed further below, the Court

also respectfully recommends that attorneys' fees and costs be awarded in pursuit of this action.

However, this Court does not recommend awarding delinquent contributions, interest or

liquidated damages at this time because the amount of damages cannot be determined until an

audit has been completed.  Further, in the absence of an audit, plaintiffs have not submitted

evidence in support of any estimated damages sufficient for this Court to assess damages at this

time.  This Court respectfully recommends that if defendant complies with the audit, the matter

be referred to the undersigned to consider any request for delinquent contributions determined

through the audit to be due and owing, along with any requests for interest and liquidated

damages.

### 3.    Attorneys' Fees and Costs

Plaintiffs seek to recover their attorneys' fees and costs in this action.  *See* Pls.' Mem.

(Dkt. 16) at 6-10.  Plaintiffs are entitled to an award of "reasonable attorney's fees and costs"

under ERISA and the applicable CBA.  *See* 29 U.S.C. § 1132(g)(2)(D); *Iron Workers Dist.*

*Council of W. New York and Vicinity Welfare and Pension Funds v. Hudson Steel Fabricators &*

*Erectors, Inc.*, 68 F.3d 1502, 1505-06 (2d Cir. 1995); *Board of Trs. of UFCW Local 342 Pension*

*Fund v. Merrick Assoc. Mkt., Inc.*, No 11-CV-4310, 2012 WL 4049845, at *5 (E.D.N.Y. Aug.

21, 2012), *report and recommendation adopted*, 2012 WL 4049996 (E.D.N.Y. Sept. 13, 2012).

Under Second Circuit precedent, courts calculate a "presumptively reasonable fee" by

taking the product of the hours reasonably expended and a reasonable hourly rate that reflects

what "a reasonable, paying client would be willing to pay."  *Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008) (internal quotations

10

omitted).  The "presumptively reasonable fee" is historically known as the "lodestar."  *Arbor*

*Hill*, 522 F.3d at 183.  "The party seeking reimbursement of attorney's fees bears the burden of

proving the reasonableness and the necessity of the hours spent and rates charged."  *Fermin v. La*

*Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 51 (E.D.N.Y. 2015); *see generally N.Y.S. Ass'n*

*for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).  Second Circuit

precedent requires movants to include "contemporaneous time records" that "specify, for each

attorney, the date, the hours expended, and the nature of the work done" in support of fee

petitions.  *See Carey*, 711 F.2d at 1148.  "Failure to do so results in denial of the motion for

fees."  *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992).  Fee petitions

supported by "[a]ttorney affidavits which set forth all charges with the required specificity but

which are reconstructions of the contemporaneous records satisfy the rationale underlying *Carey*

and suffice to permit recovery of attorneys' fees."  *David v. Sullivan*, 777 F. Supp. 212, 223

(E.D.N.Y. 1991).

District courts may exercise broad discretion in determining the reasonableness of an

attorneys' fee petition.  *See Chocolatl v. Rendezvous Cafe, Inc.*, No. 18-CV-3372, 2019 WL

5694104, at \*14 (E.D.N.Y. Aug. 16, 2019), *report and recommendation adopted*, 2020 WL

1270891 (E.D.N.Y. Mar. 17, 2020).  Courts often consider case-specific factors including the

following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3)
> the level of skill required to perform the legal service properly; (4) the preclusion
> of employment by the attorney due to acceptance of the case; (5) the attorney's
> customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time
> limitations imposed by the client or the circumstances; (8) the amount involved in
> the case and the results obtained; (9) the experience, reputation, and ability of the
> attorneys; (10) the "undesirability" of the case; (11) the nature and length of the
> professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citation omitted).

The reasonable hourly rate should be consistent with the prevailing rates in the local legal community for similar work by lawyers of comparable experience and skill.  *See Reilly v. Commerce,* No. 15-CV-5118, 2016 WL 6837895, at *12 (S.D.N.Y. Oct. 31, 2016) (quoting *Noble v. Crazetees.com*, No. 13-CV-5086, 2015 WL 5697780, at *9 (S.D.N.Y. Sept. 28, 2015)). "Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community." *Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc.*, No. 18-CV-0126, 2019 WL 3937126, at *14 (E.D.N.Y. July 3, 2019) (citing *Farbotko v. Clinton Cnty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005)). "The 'community' is generally considered the district where the district court sits." *Id.* (citing *Lochren v. Cnty. of Suffolk*, 344 F. App'x 706, 708 (2d Cir. 2009)).

Here, plaintiffs seek $15,508.00 in attorneys' fees. *See* Pls.' Mem. at 10; Gertner Decl. ¶¶ 23, 25. Plaintiffs submitted contemporaneous billing records with its default judgment motion. *See* Dkt. 18-4 (records of Cary Kane, LLP); Dkt. 18-5 (Friedman & Anspach billing records) (collectively, "Billing Records").

Susan Bruno with Cary Kane, LLP initially represented plaintiffs and drafted the summons and complaint and requested the certificate of default from the Court. *See* Dkt. 18-4 (Ms. Bruno's billing records). Ms. Bruno billed plaintiff for 7.9 hours at $520 per hour totaling $4,108.00. *See* Gertner Decl. ¶ 23. Ms. Bruno graduated from New York University School of Law in 1987 and has more than 20 years' experience in ERISA litigation. *See id*. ¶ 24.

On October 1, 2021, Friedman & Anspach substituted as counsel for plaintiffs in place of Cary Kane, LLP. Based on a review of the billing records, counsel for Friedman & Anspach primarily drafted the motion for default judgment. Two of the partners and one associate at Friedman & Anspach seek reimbursement of attorneys' fees at the same hourly rate of $600 per

12

hour.  Plaintiffs' current counsel, William Anspach, a partner at Friedman & Anspach, claims

0.75 hours at $600 per hour totaling $450; Jae W. Chun, a partner at Friedman & Anspach claims

6.0 hours at $600 per hour totaling $3,600; and Leo Gertner, an associate at Friedman &

Anspach claims 12.25 hours at $600 per hour totaling $7,350.  *See* Gertner Decl. at ¶ 25.

Friedman & Anspach is primarily engaged in the representation of labor unions and employee

benefit plans.  *See* Gertner Decl. at ¶ 26.  William Anspach graduated from Harvard Law School

in 1993 and has approximately 27 years of labor and employee benefits experience; Jae Chun

graduated from the Cornell Law School in 2001 and has approximately 19 years of labor and

employment benefits experience; and associate Leo Gertner graduated from New York

University School of Law in 2016, and had approximately 5 years of labor and employment

benefits law experience at the time he performed work in this case.  *See* Gertner Decl. at ¶ 26.

Based on rates generally charged in this District for the type of work in connection with

an ERISA default, this Court finds that the rates for Ms. Bruno of $520 per hour, and the blended

rate of $600 per hour for both partners and the associate attorney with Friedman & Anspach, are

not reasonable in light of the rates normally charged in the Eastern District of New York.  Even

the cases cited by plaintiffs in their memorandum of law (Dkt. 16 at 7-8), and their supplemental

letter dated October 20, 2022 in support of attorneys' fees (Dkt. 28), do not support a rate of

$600 in these types of cases.

With respect to the hourly rate sought for all attorneys, this Court respectfully

recommends reducing the hourly rate for attorneys Susan Bruno ($520), William Anspach

($600), and Jae W. Chun ($600) to $450 per hour and reducing the hourly rate for the associate,

Leo Gertner ($600) to $300 per hour.  *See* Pls.' Supp. Letter (Dkt. 28) at 3 (citing *Trs. of Pavers*

*& Rd. Builders Dist. Council Welfare, Pension, Annuity, & Apprenticeship, Skill Improvement &*

13

*Safety Funds v. Shelbourne Constr. Corp.*, No. 20-CV-1980-PKC-SMG, 2021 WL 7908024, at

\*6 (E.D.N.Y. Jan. 4, 2021)).  The Court in *Shelbourne Construction* noted as follows:

> Courts in this district have recently approved hourly rates ranging from $300 to
> *$450* hour for partners, $200 to *$300* for senior associates, and $100 to $200 for
> junior associates.  . . . Courts have also recognized "the relative simplicity of
> ERISA default cases by consistently approving rates that are closer to the lower
> end of the typical ranges.

*Id.* (citations omitted) (emphasis added).  Courts should be mindful that cases of default are

"relatively simple legal matters," but courts can still take an attorney's skill in a specialized field

into account.  *See Sheldon v. Plot Commerce*, No. 15-CV-5885, 2016 WL 5107072, at \*19

(E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y.

Sept. 19, 2016).

Other courts in this District have awarded attorneys' fees at a rate of $300 to $400 per

hour.  *See, e.g., Shariff v. Alsaydi*, No. 11-CV-6377, 2013 WL 4432218, at \*5 (E.D.N.Y. Aug.

15, 2013) (collecting cases finding that attorneys' fees of between $300 and $400 are reasonable

in this District); *Whitney v. JetBlue Airways Corp.*, No. 07-CV-1397, 2009 WL 4929274, at \*7

(E.D.N.Y. Dec. 21, 2009) ("[R]ates of $300 to $400 per hour for partners have been considered

reasonable in the Eastern District").  For senior associates, courts will find reasonable a rate of

$200-$300 per hour.  *See Dermansky v. Telegraph Media, LLC*, No. 19-CV-1149, 2020 WL

1233943, at \*7 (E.D.N.Y. Mar. 13, 2020) (quoting *Rudler v. Houslanger & Assocs., PLLC*, No.

18-CV-7068, 2020 WL 473619, at \*4 (E.D.N.Y. Jan. 29, 2020)).  At most, Courts typically have

placed the upper limit for partner billing rates at $450 per hour and the upper limit for senior

associate billing rates at $325.  *See Martinez v. New 168 Supermarket LLC*, No. 19-CV-4526,

2020 WL 5260579, at \*8 (E.D.N.Y. Aug. 19, 2020) (citing recent fee awards of "$300 to 450 for

partners, $200 to $325 for senior associates"), *report and recommendation adopted*, 2020 WL

5259056 (E.D.N.Y. Sept. 3, 2020).

Having determined the applicable billing rates in this case, this Court now turns to the

reasonableness of the number of hours billed.  In reviewing a fee application, the court should

exclude "excessive, redundant, or otherwise unnecessary" hours.  *See Bliven v. Hunt*, 579 F.3d

204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The court

should examine each entry "with a view to the value of the work product of the specific

expenditures to the client's case."  *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997).  If

the court finds "that some of the time was not reasonably necessary . . . it should reduce the time

for which compensation is awarded accordingly."  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*,

676 F.3d 83, 111 (2d Cir. 2012).

Plaintiffs' former and current counsel together expended a total of 26.9 hours on this

matter.  *See* Billing Records (Dkts. 18-4, 18-5).  This Court finds that this is a reasonable amount

of time to prepare a complaint, motion for default judgment, and supporting materials.  *See Trs.*

*of the Pavers and Rd. Builders Dist. Council Welfare, Pension, Annuity and Apprenticeship, Skill*

*Improvement and Safety Funds v. Nus Constracting, Inc.*, No. 17-CV-5037, 2018 WL 4328829,

at *7 (E.D.N.Y. Sept. 11, 2018) (awarding fees for 20.5 hours of work in an ERISA default); *Trs.*

*of Local 7 Tile Indus. Welfare Fund v. Tuscany Tile & Stone, Inc.*, No. 16-CV-1641, 2017 WL

3173015, at *6 (E.D.N.Y. Feb. 15, 2017) (awarding fees for 21.5 hours of work in an ERISA

default), *report and recommendation adopted*, 2017 WL 3172997 (E.D.N.Y. July 25, 2017);

*Gesualdi v. Interstate Masonry Corp.*, No. 12-CV-0383, 2014 WL 1311709, at *13 (E.D.N.Y.

Mar. 28, 2014) (finding 23 hours spent on an ERISA default reasonable and citing cases where

reasonable hours expended ranged from 14 to 28 hours).

Given the typical range of fees awarded in ERISA default cases, this Court respectfully recommends a fee award based upon a rate of $450 per hour for attorneys Susan Bruno, William Anspach, and Jae W. Chun, and a rate of $300 per hour for the associate, Leo Gertner.  Applying these rates, this Court recommends an award of attorneys' fees as follows:  prior counsel Susan Bruno for 7.9 hours at $450 per hour totaling $3,555; current counsel William Anspach for 0.75 hours at $450 per hour totaling $337.50; Jae W. Chun for 6 hours at $450 per hour totaling $2,700; and Leo Gertner for 12.25 hours at $300 per hour totaling $3,675.  Accordingly, this Court recommends a fee award of **$10,267.50** ($3,555 + $337.50 + $2,700 + $3,675) reflecting a reduction of $5,240.50.

Finally, plaintiffs seek **$402** in costs, representing the filing fee in this action.  *See* Gertner Decl. (Dkt. 18) at ¶ 27.  Plaintiffs are entitled to recover "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (internal quotations and citation omitted).  This Court finds plaintiffs' costs to be reasonable, and respectfully recommends that plaintiffs be awarded **$402** in costs.

This Court, therefore, respectfully recommends granting in part plaintiffs' request for attorneys' fees and costs, awarding attorneys' fees and costs in the amount of **$10,669.50** ($10,267.50 + $402).

## Conclusion

For the foregoing reasons, this Court respectfully recommends **granting** in part plaintiffs' motion for default judgment against defendant on plaintiffs' ERISA claims and awarding plaintiffs the following relief:

16

(1) compelling defendant to produce documents and information to the Funds' auditor and to comply with the requirements of an audit for the Audit Period within 30 days from the date of an Order adopting this Report and Recommendation; and

(2) awarding plaintiffs **$10,267.50** in attorneys' fees and **$402** in costs.

A copy of this Report and Recommendation is being electronically served on counsel. Further, this Court directs plaintiffs' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail on defendant at its last known address and to file proof of service on ECF by **March 8, 2023**. Any objections to the recommendations made in this Report must be filed with the Honorable Pamela K. Chen within 14 days after the filing of this Report and Recommendation and, in any event, on or before **March 20, 2022**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

        **SO ORDERED**

Dated: Brooklyn, New York
       March 6, 2023

                                        s/ James R. Cho
                                        James R. Cho
                                        United States Magistrate Judge