UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
THE TRUSTEES OF THE LOCAL 807 LABOR-      :
MANAGEMENT PENSION FUND, THE TRUSTEES     :
OF THE LOCAL 807 LABOR-MANAGEMENT         :
HEALTH FUND, THE TRUSTEES OF THE LOCAL    :      REPORT AND
807 PROFIT SHARING PLAN, THE LOCAL 807    :      RECOMMENDATION
LABOR-MANAGEMENT PENSION FUND, THE        :
LOCAL 807 LABOR-MANAGEMENT HEALTH         :      No. 21-CV-3677-PKC-JRC
FUND, and THE LOCAL 807 PROFIT SHARING    :
PLAN,                                     :
                                          :
                          Plaintiffs,     :
                                          :
                                          :
        -against-                         :
                                          :
                                          :
SHOWTIME ON THE PIERS, LLC,               :
                                          :
                          Defendant.      :
------------------------------------------------------------------- x
JAMES R. CHO, United States Magistrate Judge:

## Introduction

Plaintiffs, the Trustees of the Local 807 Labor-Management Pension Fund, the Trustees

of the Local 807 Labor-Management Health Fund, the Trustees of the Local 807 Profit Sharing

Plan, the Local 807 Labor-Management Pension Fund, the Local 807 Labor-Management Health

Fund, and the Local 807 Profit Sharing Plan (collectively, the "Funds" or "plaintiffs"),

commenced this action against defendant Showtime on the Piers, LLC ("defendant") pursuant to

the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3),

1145. *See* Compl. ¶ 1, Dkt. 1.  Plaintiffs requested, *inter alia*, an order compelling defendant to

produce documents to the Funds' auditor and to otherwise cooperate with an audit performed by

the Funds' auditor.  *Id*.  After defendant failed to appear in or otherwise defend this action,

plaintiffs moved for default judgment.  Dkt. 15.  On March 21, 2023, the District Court granted,

in part, plaintiffs' motion for default judgment, and ordered defendant to produce documents and information to plaintiffs' auditor, and to comply with other requirements of the audit. *See* Order dated 3/21/2023.

Currently before the Court is plaintiffs' motion for contempt against defendant for failure to comply with the Court's prior orders. *See* Motion for Contempt ("Mot."), Dkt. 35; *see also* Order dated 9/5/2023 (referring Motion for Contempt to the undersigned).

### Discussion

### I.    Magistrate Judge's Authority

Under the Federal Magistrates Act of 1968, 28 U.S.C. § 636(e), federal magistrate judges may exercise contempt authority in certain limited circumstances. In cases where a person commits an act constituting contempt before the magistrate judge, the certification procedure is set forth by the Act:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii). The magistrate judge's role in certifying the facts under Section 636(e) is to "determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008) (internal quotation omitted). "The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a *de novo* hearing at which issues of fact and credibility determinations are to be made." *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (citations omitted).

## II.    Legal Standard for Civil Contempt

The Court has "inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the Court or to compensate for losses and damages.'" *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)).  An order of civil contempt "may serve dual purposes [of] securing future compliance with court orders and compensating the party that has been wronged." *Southern New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 146 (2d Cir. 2010) (internal quotations omitted).  To obtain a contempt order, the moving party must establish that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Perez v. Danbury Hosp.*, 347 F.3d 419, 423–24 (2d Cir. 2003) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)).  The Court need not "establish[] that the violation was willful." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (citation omitted).

## III.   Certified Facts

The Court hereby certifies the following facts.

1.    On June 30, 2021, plaintiffs commenced this action against defendant under Sections 502 and 515 of ERISA, as amended, 29 U.S.C. §§ 1132 and 1145, seeking an order to compel defendant to provide records and information to plaintiffs for an audit as required by agreements between defendant and Local 807 of the International Brotherhood of Teamsters.  *See* Compl. ¶¶ 1, 7, 9.

2.    Plaintiffs moved for default judgment against defendant.  Dkt. 15.

3.    Adopting a Report and Recommendation, on March 21, 2023, the District Court

granted, in part, plaintiffs' motion for default judgment and ordered defendant to "produce documents and information to [p]laintiffs' auditor and comply with other requirements of the audit" within 30 days of the date of the District Court's order. *See* Order dated 3/21/2023 ("Default Judgment Order").

4.    On June 16, 2023, the Court again directed defendant to comply with plaintiffs' audit and to produce documents and information necessary for plaintiffs to complete their audit. *See* Order dated 6/16/2023 ("June 16 Order"). The Court further ordered the parties to submit a status report setting forth defendant's compliance with the audit. *Id.*

5.    As of July 5, 2023, plaintiffs reported that defendant had yet to comply with the Court's Default Judgment Order and had not cooperated with plaintiffs' audit. Dkt. 32. Plaintiffs informed the Court that on June 7, 2023, they had sent a letter to defendant requesting defendant's "compliance with the Court's order to submit its books and records for an audit." *Id.* at ECF pages 3–4.[1] As of July 5, 2023, defendant had not contacted plaintiffs, their counsel, or the auditor in connection with the audit. *Id.*

6.    On July 10, 2023, the Court ordered defendant to show cause as to "why the Court should not find it in contempt for failure to comply with the Court's June 16, 2023 Order that [d]efendant produce documents and information necessary for [p]laintiffs to complete their audit." Order to Show Cause dated 7/10/2023.

7.    Defendant failed to respond to the Order to Show Cause. *See* Order dated

---

[1] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

8/2/2023 ("August 2 Order").

8.    Plaintiffs served the Court's August 2 Order on defendant at its last known address via UPS overnight and first-class U.S. mail.  *See* Certificate of Service, Dkt. 34; *see also* Declaration of Leo Gertner ("Gertner Decl.") ¶ 13, Dkt. 36.

9.    On August 7, 2023, defendant's principal, Chuck Newman, called plaintiffs' counsel to inquire about the August 2 Order he had received in the mail.  *Id.* ¶ 14.

10.   Notwithstanding the telephone call from defendant's principal, as of August 30, 2023, the date plaintiffs filed their motion for contempt, defendant had not produced documents and information to plaintiffs' auditor or otherwise complied with the requirements of the audit.  *Id.* ¶ 8.

## IV.    Conclusions of Law

Turning to the first element, the Court's orders are clear and unambiguous.  "A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed, who must be able to ascertain from the four corners of the order precisely what acts are forbidden."  *Southern New England Tel. Co.*, 624 F.3d at 145 (quoting *King v. Allied Vision*, 65 F.3d at 1058).  Here, the Court's orders leave no doubt in defendant's mind that it is required to submit to an audit.  The District Court's Default Judgment Order specifically required defendant to "produce documents and information to [p]laintiffs' auditor and comply with other requirements of the audit."  Default Judgment Order dated 3/21/2023.  The Court's subsequent June 16 Order likewise ordered defendant to comply with the audit and to "produce documents and information necessary for [p]laintiffs to complete their audit."  *See* Order dated 6/16/2023.  Defendant also failed to respond to the Court's Order to Show Cause why it should not be held in contempt for failing to comply with the Court's prior order to produce documents and

5

information necessary for plaintiffs to complete their audit. *See* Order to Show Cause dated 7/10/2023; *see also* Order dated 8/2/2023.

Regarding the second and third elements, the Court finds that plaintiffs have provided clear and convincing evidence of defendant's noncompliance, and that defendant has not diligently attempted to comply with the Court's orders. As of the date of plaintiffs' most recent submission, plaintiffs' counsel avers that defendant had not produced documents or information to plaintiffs' auditor or otherwise complied with the audit requirements. Gertner Decl. ¶ 8, Dkt. 36. To date, defendant has not appeared in this action, despite being served with the Complaint, *see* Dkt. 5, as well as with subsequent Court Orders and plaintiffs' motions, *see, e.g.*, Certificates of Service, Dkts. 19 (serving Motion for Default Judgment), 31 (serving Report and Recommendation), 33 (serving Order to Show Cause).

Further, plaintiffs' counsel attests to receiving a telephone call from defendant's principal, *see* Gertner Decl. ¶ 14, Dkt. 36, but defendant still has neither complied with the Court's orders by submitting to the audit or otherwise appeared to defend this action. Defendant's actions, if considered an attempt at compliance at all, fall far short of a diligent attempt. *See Hunter*, 250 F.R.D. at 120 (finding element satisfied where alleged contemnor "failed to appear at any of the recent proceedings in [the] case and [had] not made any effort to contact the Court or plaintiff's counsel").

## V.    Attorney's Fees

A court may award attorney's fees incurred in bringing the motion for contempt. *See Ferrara v. Metro D Excavation & Found., Inc.*, No. 10-CV-4215, 2012 WL 6962214, at *3 (E.D.N.Y. Nov. 30, 2012), *report and recommendation adopted*, 2013 WL 357818 (E.D.N.Y. Jan. 29, 2013). The undersigned respectfully recommends awarding attorney's fees at a lower

rate than that requested by plaintiffs. Plaintiffs seek $6,300 for 10.5 hours of work at an hourly rate of $600. *See* Gertner Decl. ¶ 15, Dkt. 36. The attorneys, Leo Gertner and Daniel Treiman, are associates at Friedman and Anspach. *See id.* ¶ 16. The undersigned recommends awarding attorney's fees for these two associates at the rate of $300 per hour, which this Court previously approved for associates in granting, in part, an award of fees in connection with plaintiffs' motion for default judgment. *See* Default Judgment Order; *see also* Report & Recommendation, Dkt. 30, at 16 (recommending a "rate of $300 per hour for the associate, Leo Gertner").

As to the number of hours worked, the Court recommends a reduction of the number of hours billed for block billing. *See* Ex. A to Gertner Decl. (8/25/2023 Entry of L. Gertner); *Wise v. Kelly*, 620 F. Supp. 2d 435, 452 (S.D.N.Y. 2008) (applying a twenty percent reduction in attorney's fees due to block billing). The Court recommends a twenty-percent reduction in the number of hours billed for work in connection with the contempt motion from 10.5 to 8.4 hours (10.5 x 0.8 = 8.4). Therefore, the Court recommends awarding attorney's fees in the amount of $2,520 (8.4 hours x $300).

## Conclusion

Having certified the foregoing facts and concluding that plaintiffs have established a prima facie case of contempt, this Court respectfully recommends that the District Court schedule a contempt proceeding pursuant 28 U.S.C. § 636(e)(6). Should the Court enter a finding of contempt against defendant, it is recommended the Court impose sanctions in an amount determined to be reasonable under the "informed discretion of the district court." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989).

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs plaintiffs' counsel to serve a copy of this Report and Recommendation

by overnight mail and first-class mail to defendant at its last known address, and to file proof of service on ECF by **March 14, 2024**.  Any objections to the recommendations made in this Report must be filed with the Honorable Pamela K. Chen within 14 days after the filing of this Report and Recommendation and, in any event, on or before **March 25, 2024**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

Dated: Brooklyn, New York
       March 11, 2024

                              s/ James R. Cho
                              James R. Cho
                              United States Magistrate Judge